[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13516
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00135-CEM-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS A. RODRIGUEZ FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 4, 2020)

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Defendant Carlos Rodriguez Fernandez appeals his convictions for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). No reversible error has been shown; we affirm.

In 2018, an undercover investigation of a peer-to-peer file-sharing network identified a computer that was sharing child pornography files. The computer's Internet Protocol (IP) address was traced to Defendant's home, which he shared with his wife and his 14-year-old stepdaughter ("D.G."). Upon executing a search warrant on the home, officers located a desktop computer in Defendant's home office. Officers also discovered a USB cable that ran from the back of the computer through the wall and into the adjacent room: a bathroom used by D.G. The USB cable was connected to a webcam hidden behind an electrical outlet plate and located directly across from the toilet.

During a post-<u>Miranda</u>[1] interview, Defendant told officers that he was the primary user of the desktop computer, that he used a peer-to-peer file-sharing program to obtain child pornography, that he had been downloading child pornography for years, and that he knew that what he was doing was illegal. Defendant told officers specifically that he had downloaded files that originated from a Russian website known for commercially-produced child pornography. Defendant also told officers that he had installed the webcam in D.G.'s bathroom.

A certified computer forensic examiner analyzed the computer's hard drives and found two videos showing D.G.'s naked genitals while she used the toilet. The videos were recorded using the hidden webcam and had been viewed multiple times. One of the hard drives also contained images and videos of child pornography obtained from peer-to-peer file-sharing networks.

Defendant was charged with two counts of production of child pornography and one count of possession of child pornography. Following a two-day trial, the jury found Defendant guilty of the charged offenses. The district court sentenced Defendant to a total of 480 months' imprisonment.[2]

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1996).

[2] Defendant raises no challenge to his sentence on appeal.

3

I.

We first address Defendant's challenges to the district court's evidentiary rulings.  We review the district court's evidentiary rulings under an abuse-of-discretion standard.  See United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003).

A. Defense Video

Defendant says the district court abused its discretion in excluding a video purportedly showing Defendant confronting D.G. about pornographic images found on D.G.'s tablet computer.[3]  Defendant says the excluded video supports his defense that someone else in the home downloaded the charged child pornography.

Defendant sought to introduce the video two days before trial was scheduled to begin.  Defendant's lawyer said he first learned of the video when Defendant's wife gave him a cell phone containing the video file.

---

[3] The complained-of video is not in the record on appeal.  The district court described the video as showing someone from behind (allegedly Defendant) holding a tablet computer and D.G. sitting across the room talking on the phone.  As Defendant scrolls through the tablet, images are visible on the screen including images of adult pornography, "some items that one could argue is child pornography," and naked images of D.G.  The conversation recorded on the video is in Spanish; Defendant provided no translation.

4

The government moved to exclude the video on several grounds, including lack of proper authentication.  After a hearing, the district court granted the government's motion, concluding that "significant issues" existed with authentication.

The district court has "broad discretion in determining whether to allow a recording to be played before the jury."  United States v. Capers, 708 F.3d 1286, 1305 (11th Cir. 2013).  The party seeking to introduce a recording bears the burden of producing "sufficient evidence to show that the recording is an accurate reproduction of the conversation recorded."  Id.; see Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

Here, Defendant produced no evidence to authenticate the video.  Nothing evidenced when the video was originally recorded or what device was used to make the recording.[4]  Defendant offered no evidence or witness testimony about the accuracy of the recorded events or about whether the video had been altered.  Given the total absence of evidence authenticating the video, the district court

_____

[4] That the cell phone provided by Defendant's wife was not the device used to record the video is undisputed.  The available metadata from the cell phone showed that the pre-recorded video was saved onto the cell phone sometime in May 2018: after Defendant's arrest and while Defendant was out on bond.

5

abused no discretion in granting the government's motion in limine. Nor did the district court's evidentiary ruling deny Defendant the opportunity to present his third-party-guilt defense: Defendant could have testified about the events depicted in the video and about the accuracy of the recording but did not do so.

### B. Child Erotica Images

Defendant next contends that the district court abused its discretion in permitting the government to introduce six images of child erotica found on Defendant's computer. The district court concluded that the images were admissible as "inextricably intertwined" with the evidence of child pornography found on the computer.

Under the Federal Rules of Evidence, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Rule 404(b) is inapplicable to exclude evidence that is "inextricably intertwined" with evidence of the charged offense. United States v. Ford, 784 F.3d 1386, 1393 (11th Cir. 2015).

6

"[E]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'" United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007). Such evidence may "pertain[] to the chain of events explaining the context, motive, and set-up of the crime," and "is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." Id. (alteration omitted).

During his initial interview with police, Defendant told officers that he downloaded child pornography, including images that originated from a Russian website called "LS" or "LS Models." A forensic analysis of Defendant's computer uncovered Google searches for "LS Island full torrent." At trial, an investigator testified that the LS Models website consists of series of photographs of underage girls in various positions and states of undress. Each series begins with the girl wearing some clothing (child erotica) and evolves to the child being completely nude with exposed genitals (child pornography).

Each of the six images of child erotica introduced at trial were stamped with the "LS Models" logo. The same logo was also found on one of the images of

7

child pornography introduced at trial.  Both the charged child pornography files and the child erotica files had been downloaded in "LS" torrent files and were saved in the same hidden location on Defendant's computer.

The child erotica images illustrated Defendant's method of searching for, downloading, and storing child pornography files and, thus, helped complete the story of the offense.  The images were also sufficiently linked in time and circumstances with the charged child pornography files.  The district court abused no discretion in admitting the images of child erotica as "inextricably intertwined."

II.

Defendant next contends that the district court erred in denying his Batson[5] challenges to the government's use of four peremptory challenges to strike childless male venire members.

We review the district court's resolution of a Batson challenge under a clearly erroneous standard.  See United States v. Ochoa-Vasquez, 428 F.3d 1015, 1039 (11th Cir. 2005).  "We give great deference to a district court's finding of

---

[5] Batson v. Kentucky, 476 U.S. 79 (1986).

8

whether a prima facie case of impermissible discrimination has been established."
Id.

The Equal Protection Clause prohibits the striking of potential jurors based on gender. See J.E.B. v. Ala. ex rel. T.B., 511 U.S. 127, 146 (1994). Under the three-step Batson analysis, (1) the party objecting to the strike "must make a prima facie showing that a peremptory challenge has been exercised on the basis of [a protected ground];" (2) the striking party then has the burden to articulate a class-neutral basis for striking the juror in question; and (3) the "court must determine whether the defendant has shown purposeful discrimination." Foster v. Chatman, 136 S. Ct. 1737, 1747 (2016). In deciding whether an objecting party has established a prima facie case of discrimination, the court must consider "all relevant circumstances." Ochoa-Vasquez, 428 F.3d at 1044.

As an initial matter, Defendant has established no pattern of strikes against men. The record demonstrates that the government accepted four male venire members before using its first peremptory challenge. See id. at 1046 (finding no pattern of discrimination in part because the government had accepted Hispanic jurors before using its first strike against a Hispanic juror). Defendant contends instead that the government discriminated against a subset of gender: men without children. But Defendant has identified (and we have found) no binding precedent

establishing childlessness as a protected class.  Moreover, of the 12 jurors and 2 alternates impaneled on the jury, 10 were men (including 2 without children) and 4 were women.

On this record, the district court committed no clear error in finding that Defendant failed to make out a prima facie showing of discrimination.

### III.

Defendant next contends that the district court erred in instructing the jury on the elements of child exploitation and in responding to a question from the jury during deliberations.

### A. Jury Instructions

"We review the legal correctness of a jury instruction de novo, but defer on questions of phrasing absent an abuse of discretion."  United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000) (citations omitted).  Generally speaking, "district courts have broad discretion in formulating jury instructions" if the instructions as

a whole reflect accurately the law and the facts. Id. (quotations omitted). "[W]e will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." Id. (quotations omitted).

Section 2251(a) prohibits the use of "any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). Our pattern jury instruction for this offense explains, in pertinent part, that one of the required elements is the "use" of a minor to engage in "sexually explicit conduct." See 11th Cir. Pattern Jury Instr. (Crim.) O82 (2020). "Sexually explicit conduct" includes the "actual or simulated . . . lascivious exhibition of the genitals or pubic area of any person." Id. "Lascivious exhibition" means "indecent exposure of the genitals or pubic area, usually to incite lust" but "not every exposure is a lascivious exhibition." Id.

The government sought to supplement the pattern jury instruction based on our decision in United States v. Holmes, 814 F.3d 1246 (11th Cir. 2016). The defendant in Holmes -- like the Defendant in this case -- was charged with using hidden cameras to make video recordings of his teenage stepdaughter nude while using the bathroom. In Holmes, we concluded that, for purposes of section 2251(a), "depictions of otherwise innocent conduct by a minor can constitute 'a

11

lascivious exhibition of the genitals or pubic area' based on the actions of the individual creating the depiction."  814 F.3d at 1247.

The district court supplemented the pattern jury instructions with these two statements:

> A person is "used" if the person is knowingly or unknowingly photographed or videotaped.
>
> Depictions of otherwise innocent conduct may constitute a lascivious exhibition of the genitals or pubic area of a minor based on the actions of the individual creating the depiction.

The district court's jury instructions stated accurately the law of this Circuit. Because the circumstances involved in this case -- the surreptitious recording of otherwise innocent bathroom routines -- are not addressed directly by the pattern instructions, the district court abused no discretion in determining that the supplemental language would assist the jury.

B. Response to Jury Question

Defendant also contends that the district court erred in answering a question from the jury.  During its deliberations, the jury sent a note asking the court questions about the legality and ethicality of having the case agent sit at the prosecution table during the trial.  The district court said the jury's questions

12

reflected "a basic misunderstanding" that "need[ed] to be corrected." The district court answered the questions this way:

> "How can an agent sitting on the Government's side also be a witness?" Because the rules specifically allow for that.
>
> "He gets to hear the other witnesses. Is this even legal or ethical?" It is legal and ethical.
>
> "Does it create a conflict of interest?" No, it does not as a matter of law.

Defendant contends the district court's response bolstered impermissibly the agent's credibility.

We review a district court's response to a jury question under an abuse-of-discretion standard. See United States v. Joyner, 882 F.3d 1369, 1375 (11th Cir. 2018). The district court has "considerable discretion" in answering a jury question so long as the answer does not misstate the law or confuse the jury. Id.

The Federal Rules of Evidence permit "an officer or employee of a party [who has been] designated as the party's representative" to be present during trial. See Fed. R. Evid. 615(b). The Advisory Committee Notes also provide expressly that, under Rule 615(b), the government is permitted "to have an investigative agent at counsel table throughout the trial" even if "the agent is or may be a witness." Id.

13

Because the district court's response to the jury question was both an accurate statement of the law and necessary to correct a misunderstanding of the jury, we see no abuse of discretion.

## IV.

Defendant next contends that the cumulative sum of the district court's errors created a fundamentally unfair trial in violation of his right to due process. We reject this argument.

"The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." Capers, 708 F.3d at 1299. Because Defendant has failed to demonstrate that the district court committed an error -- plain, harmless, or otherwise -- his argument under the cumulative error doctrine fails.

AFFIRMED.